IOLA EXUM v. W. L. POOLE AND ROANOKE CITY MILLS, INC.

(Filed 31 October, 1934.)

1. **Pleadings G a—Admission of evidence in this case held not to violate rule that proof must conform to allegation.**

   The admission of evidence tending to show the extent of injuries sustained by plaintiff in an auto accident will not be held for error on the contention that such evidence tended to show special damage not alleged in the complaint.

2. **Automobiles C d—Turning car to left across highway without warning in violation of statute is negligence.**

   Evidence that the driver of the car in which plaintiffs were riding sounded his horn in warning of his purpose to pass defendant's car traveling in the same direction in front of him on the highway, and that the driver of defendant's car, in attempting to turn into a dirt road intersecting the highway to the left, suddenly and without warning turned his car to the left across the highway in front of the car in which plaintiffs were riding, in violation of statute of the state in which the accident occurred, resulting in the accident in suit, *is held* sufficient to be submitted to the jury on the issue of actionable negligence.

3. **Automobiles C j—Where driver is not guilty of contributory negligence there can be no negligence imputed to passengers riding with him.**

   Plaintiffs were the driver of an automobile and persons riding with him at the time of the accident in suit. The jury found, from competent evidence under correct instructions, that the driver was not guilty of contributory negligence: *Held,* the defense of imputed negligence and joint enterprise relied on as against the other plaintiffs was not sustained.

APPEAL by defendants from *Daniels, J.,* at June Term, 1934, of GREENE. No error.

This is an action to recover damages for injuries sustained by the plaintiff, both to her person and to her automobile, which resulted from a collision on a highway in the State of Virginia between an automobile which was owned by the plaintiff, and in which she was riding, and an automobile which was owned by the defendant Roanoke City Mills, Inc., and driven at the time of the collision by its employee, the defendant W. L. Poole.

On 3 March, 1933, the plaintiff, Miss Iola Exum, accompanied by her sisters, Mrs. Carrie Exum Brown and Miss Mary Exum, and her friends, Mrs. Mary P. Holden and Miss Winnifred Harper, left her home in Greene County, North Carolina, in an automobile which was owned by the plaintiff and driven by her nephew, J. G. Exum, for Washington, D. C., via Richmond, Va. After they had crossed the line between the State of North Carolina and the State of Virginia, north of Weldon, N. C., and while they were traveling on a highway in the State of Virginia, in the direction of Richmond, Va., the automobile in which the plaintiff and her sisters and friends were riding, and which was driven by her nephew, J. G. Exum, collided on the highway with an automobile which was owned by the defendant Roanoke City Mills, Inc., and was driven at the time of the collision by its employee, the defendant W. L. Poole. As the result of the collision, the plaintiff and the other occupants of her automobile sustained serious and painful personal injuries. The plaintiff's automobile was also badly damaged.

On 5 July, 1933, the plaintiffs, Miss Iola Exum, Mrs. Carrie Exum Brown, Mrs. Mary P. Holden, Miss Winnifred Harper, and J. G. Exum, each brought an action against the defendants in the Superior Court of Greene County to recover damages for their respective injuries.

In the complaint in each of said actions it is alleged that the collision between the automobile in which the plaintiff was riding and the automobile which was owned by the defendant Roanoke City Mills, Inc., and driven by its employee, the defendant W. L. Poole, was caused by the negligence of the defendant W. L. Poole, in that the said defendant negligently turned the automobile which he was driving across the highway in front of the automobile in which the plaintiff was riding, just as the driver of the latter automobile was passing his automobile on the highway, and after the said driver had given the said defendant timely warning, by sounding his horn, of his purpose to pass him on the highway.

The defendants, in their answer to the complaint in each of said actions, denied that the collision was caused by the negligence of the defendant W. L. Poole, as alleged in the complaint. They alleged that the driver of the automobile in which the plaintiff was riding negligently undertook to pass the automobile which was driven by the defendant

W. L. Poole, at an intersection of the highway by a side road, at a speed in excess of 45 miles per hour, without first giving the said defendant any signal or warning of his purpose so to do. They alleged that the negligence of the said driver was the sole proximate cause of the collision and of the injuries resulting therefrom to the plaintiff. The defendants further alleged in their answer that the negligence of the driver of the automobile in which the plaintiff was riding at the time of the collision contributed to the injuries sustained by the plaintiff; that the plaintiff and the other occupants of said automobile were engaged in a joint enterprise; and that for that reason the plaintiff is barred of recovery in said action.

At June Term, 1934, of the Superior Court of Greene County the five actions brought in said court against the defendants were consolidated, by consent, for trial. Issues arising on the pleadings in each action were submitted to the jury, and answered in accordance with the allegations and contentions of the plaintiff in said action.

The jury found that the plaintiff in each action was injured by the negligence of the defendants, as alleged in the complaint therein; that the plaintiff in said action did not contribute to his injuries as alleged in the answer of the defendants; and assessed the damages which each plaintiff is entitled to recover of the defendants.

From the judgment, in each action, that the plaintiff therein recover of the defendants the amount assessed by the jury as the damages which the plaintiff was entitled to recover, the defendants appealed to the Supreme Court.

*T. O. Moore and L. I. Moore for plaintiff.*
*Dickinson & Bland and W. G. Sheppard for defendants.*

Connor, J. The defendants appealed from the judgment in each of the five actions which were tried together, by consent, in the Superior Court. These actions all arose out of the same accident, and involved the same issues with respect to the liability of the defendants to the several plaintiffs in said actions. Only one statement of the case on appeal has been certified to this Court. There were no objections by the defendants to evidence offered at the trial with respect to the issues involving liability. The only evidence admitted by the court over the objections and subject to the exceptions of the defendants was evidence with respect to the amount of damages which Mrs. Mary P. Holden was entitled to recover of the defendants in the action brought by her.

Assignments of error based on these exceptions cannot be sustained. The evidence admitted by the court was not offered or submitted to the jury as tending to show that Mrs. Holden was entitled to recover special

damages which she had not alleged in her complaint. It was competent as tending to show the extent of her injuries, and was submitted to the jury for that purpose only.

There was evidence tending to show that the defendant W. L. Poole, in violation of the statute law of Virginia, after he had notice that the automobile in which the plaintiffs in the several actions were riding was approaching him from his rear, and after the driver of the said automobile had warned him by the sounding of his horn of his purpose to pass the said defendant on the highway, suddenly, without warning, turned his automobile across the highway in front of the automobile in which said plaintiffs were riding. This evidence was submitted to the jury under instructions which are free from error. It was sufficient to support the finding by the jury that the plaintiff in each of the actions was injured by the negligence of the defendants.

There was evidence tending to show that the plaintiffs in the several actions were engaged in a joint enterprise, as alleged by the defendants in their answers. The jury, however, found that the driver of the automobile in which the plaintiffs were riding did not by his own negligence contribute to his injuries. This finding was supported by evidence which was properly submitted to the jury. If the driver of the automobile was not barred of recovery by his own negligence, then it follows that the defense relied on by the defendants in the actions brought by the other plaintiffs was not sustained.

We have carefully considered each of the assignments of error relied on by the defendants. None of them can be sustained. The judgment in each action is affirmed.

No error.